## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSE I. MACIA, | ) |
| | ) |
| Plaintiff, | ) Case No. 05-1920 (PLF) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES MARSHALS SERVICE, | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S MOTION TO DISMISS OR, IN
### THE ALTERNATIVE, TO TRANSFER FOR LACK OF VENUE

Defendant United States Marshals Service, moves to dismiss this case for lack of subject matter jurisdiction and improper venue pursuant to Federal Rule of Civil Procedure 12(b)(1), (3) and 28 U.S.C. § 1402(b) or 28 U.S.C. § 1404(a).  In the alternative, any claims not dismissed should be transferred to the Northern District of Florida where venue is proper.  This motion is accompanied by a Memorandum and a proposed Order consistent with LCvR 7(a) and (c).

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

/s/
R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney

/s/
KAREN L. MELNIK, DC Bar #436452
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing Motion to Dismiss to be sent via first class mail on:

>Mr. Jose I. Macia
>Register Number 59005-004
>FCI Allenwood, P.O. Box 2000
>White Deer, PA 17887-2000

on this 31st day of January, 2006.

>_____
>Karen L. Melnik
>Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOSE I. MACIA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-1920 (PLF) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES | ) | |
| MARSHALS SERVICE, | ) | |
| | ) | |
| Defendant | ) | |

**DEFENDANT'S STATEMENT OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY,
TRANSFER TO THE NORTHERN DISTRICT OF FLORIDA**

Defendant United States Marshals Service, moves to dismiss this case for lack of subject matter jurisdiction and improper venue pursuant to Federal Rules of Civil Procedure 12(b)(1), (3) and 28 U.S.C. § 1402(b) or 28 U.S.C. § 1404(a). Alternatively, any claims not dismissed should be transferred to the Northern District of Florida where venue is proper.

**I. BACKGROUND**

Plaintiff Jose I. Macia is currently incarcerated at F.C.I. Allenwood, in White Deer, Pennsylvania. His expected release date is 2012. On September 15, 2004, while awaiting sentencing, Hurricane Ivan struck Florida. See Complaint at ¶ 1. On September 17, 2004, Plaintiff was evacuated to F.D.C. Tallahassee, which is located in the Northern District of Florida. See Complaint at ¶ 1. In his Complaint, Plaintiff asserts that the U.S. Marshals Service lost or damaged his "personal property" during the evacuation.[1] See Complaint at ¶ 2. On

---

[1] Plaintiff fails to state specifically what personal property was lost or damaged.

1

November 10, 2004, Plaintiff filed a Claim for Damage with the Regional Counsel of the Bureau of Prisons. See Complaint at ¶ 3. On November 16, 2004, the Acting General Counsel of the Bureau of Prisons notified Plaintiff that his claim was being referred to the U.S. Marshals Service for final determination and disposition. See Complaint at ¶ 3; Plaintiff's Exhibit B.

## II. ARGUMENT

### A. Plaintiff's tort claim should be dismissed pursuant to Rule 12(b)(3) and 28 U.S.C. § 1402(b) for improper venue.

"[I]n considering a rule 12(b)(3) motion, the court accepts plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." Darby v. Dept. of Energy, 231 F. Supp.2d 274, 276 (D.D.C. 2002), citing 2215 Fifth St. Assocs. v. U-Haul Intl, Inc., 148 F. Supp.2d 50, 54 (D.D.C. 2001). However, the court need not accept as true plaintiff's legal conclusions. U-Haul, 148 F. Supp.2d at 54. In order to prevail on a motion to dismiss for improper venue, the defendant must present facts that will defeat plaintiff's assertion of venue. Id.

Plaintiff does not plead a basis for asserting that venue in this district is proper.[2] We are, therefore, left to apply the governing venue statutes to the facts pled to determine whether there is a valid basis for venue in the District of Columbia. Plaintiff makes his claim pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). See Complaint at ¶ 4. Venue for the FTCA is controlled by 28 U.S.C. § 1402(b), which provides that "[a]ny civil action on a tort claim against the United States under subsection (b) of section 1346 of this title may be

---

[2]The bases for venue and jurisdiction are generally pled in the introductory sections of the complaint, and they are not found there.

prosecuted only in the judicial district where plaintiff resides or wherein the act of omission complained of occurred."

Here, the District of Columbia is not the proper venue. First, plaintiff does not reside in the District of Columbia. Moreover, while the mailing address of the United States Marshals Service is located in Washington, D.C., the prison that is the subject of Plaintiff's claim is the Santa Rosa County Jail located in Milton, Florida. See Complaint at ¶ 1. All of the events giving rise to plaintiff's claim occurred in Florida, not Washington, D.C. See Complaint at ¶¶ 1-2. Thus, venue is not proper here. See Zakiya v. United States, 267 F. Supp. 2d 47, 59 (D.D.C. 2003) ("Because none of the operative events that constitute the gravamen of plaintiff's claims took place in the District of Columbia, the Court concludes that venue in this district is improper.").

**B.      Any claim not dismissed should be transferred to the Northern District of Florida**

Alternatively, should this Court decide not to dismiss plaintiff's claim outright, this case should be transferred to the only jurisdiction that is proper, the Northern District of Florida. 28 U.S.C. § 1404(a) provides that: "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

In deciding whether to transfer a case to a more convenient forum, the court may consider:  (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses of the plaintiff and defendant, but only to the extent that the witnesses may actually be unavailable for trial in

3

one of the fora; and (6) the ease of access to sources of proof.  <u>Airport Working Group of Orange County, Inc. v. United States DOD</u>,  226 F. Supp. 2d 227 (D.D.C. 2002) (hereinafter <u>AWG</u>).

      Though a plaintiff's choice of forum is entitled to deference, a plaintiff's choice receives less weight where the operative facts occurred in another forum and the plaintiff does not reside in the chosen forum.  <u>AWG</u>,  226 F. Supp. 2d  at 230 (and cases cited therein).  <u>See also</u>  <u>Weber v. Basic Comfort</u>, 155 F. Supp. 2d 283 (E.D. Pa. 2001).  That is quite clearly the case here.  As plaintiff's complaint demonstrates, **all** events occurred in the Northern District of Florida.  The connections to this district are non-existent.  Thus, the case should be litigated in the Northern District of Florida, where the causes of action arose, where the decisions were made and implemented and where plaintiff was incarcerated and allegedly suffered the consequences of the Marshals Service's actions.

      Finally, courts in this circuit must examine challenges to venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia.  <u>Trout Unlimited v. U.S. Dept. of Agriculture</u>, 944 F. Supp. 13, 17 (D.D.C. 1996) (citing <u>Cameron v. Thornburgh</u>, 983 F.2d 253 (D.C. Cir. 1993)).  "[A]lthough Plaintiff's choice of forum is entitled to great consideration, it is not determinative when other factors strongly militate, as they do here, in favor of transfer."  <u>Claasen v. Brown</u>, Civ. No. 94-1018, 1996 WL 79490, Slip op. at *6 (D.D.C. 1996).  Even if Plaintiff's choice of forum is entitled to some deference, it is far from dispositive where, as here, the case has no contacts with the District of Columbia, other factors militate strongly in favor of transfer and there are no significant ties to the District of Columbia that weigh in favor of retaining jurisdiction within this district.  Moreover, considerations of

4

convenience and justice weigh in favor of transferring this action to the Northern District of Florida.

Thus, for the convenience of the parties, and in the interest of judicial economy, any remaining claims should be transferred to the Northern District of Florida pursuant to 28 U.S.C. § 1404(a).

### III.  CONCLUSION

For reasons stated herein, this action should be dismissed.  Any claims not dismissed should be transferred to the Northern District of Florida where venue is proper.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney


_____
R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney


_____
KAREN L. MELNIK, DC Bar #436452
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing Defendant's Motion to Dismiss or, in the Alternative, to Transfer for Lack of Venue be sent via first class mail on:

>Mr. Jose I. Macia
>Register Number 59005-004
>FCI Allenwood, P.O. Box 2000
>White Deer, PA 17887-2000

on this 31st day of January, 2006.

_____
Karen L. Melnik
Assistant United States Attorney