```
                UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF COLUMBIA
```
                                                    RECEIVED
-------------------------------X
                                                     FEB 15 2006
JOSE I. MACIA                        :
                                            NANCY MAYER WHITTINGTON, CLERK
        Plaintiff,                             U.S. DISTRICT COURT

        -against-                    :      Case Number: 05-1920 (PLF)

UNITED STATES MARSHALS SERVICE,      :

        Defendant.

-------------------------------X

                    MOTION FOR APPOINTMENT OF COUNSEL

1. Introduction:

   On September 29, 2005, Plaintiff JOSE I. MACIA, a federal prisoner temporarily housed at FCI Allenwood in Pennsylvania, filed a civil action under 28 U.S.C. 1346 against the United States Marshals Service for the loss of personal property on evacuation September 17, 2004 after Hurricane Ivan struck and destroyed the county jail he was housed.

   The action to deprive Plaintiff of his property was ordered by the Marshals escorting federal inmates to the evacuation buses. On November 16, 2004, the Bureau of Prisons referred the claim to the Marshals Service who ignored responding demands even after numerous requests pleading an answer. On September 12, 2004, Plaintiff mailed the Clerk of Court for filing the instant civil action forcing the Service to finally answer on September 26, 2005.

Page 1

but assigning blame to the county jail where the Plaintiff had been held. On December 12, 2005, Plaintiff mailed for filing a motion to expedite defendant's response which resulted in an appearance by Assistant United States Attorney Karen L. Melnik, D.C. Bar Number 436452. On January 31, 2006, Defendant filed a motion to dismiss or, in the alternative, to transfer for lack of venue which Plaintiff, acting pro-se, has responded to the best of his knowledge.

2. Argument

Plaintiff's motion for appointment of counsel is based on his indigent status and the claim of not having the experience nor the legal education to adequately represent himself. Appointment is warranted because of the meritorious issues presented and the need for discovery, research and investigation as well as representation. Petitioner has been able to verify that only the Marshals Service was responsible for the negligent act not to board personal property in the evacuation bus and the comment of "unimportance" of said property.

Petitioner, by the fact of his imprisonment, is severely limited in the discovery process by an attitude that, to a prisoner, the Doctrine of Just and Fair Play does not apply and, therefore, neither does constitutional protections.

In the instant case, Plaintiff has exposed issues that cannot be disproven by Defendant and is in need of further research and

Page 2

investigation to expose the entire case to the Court.

Plaintiff additionally warrants legal representation to assure that further due diligence be realized without harrassment or vindictiveness.

3. Conclusion.

WHEREFORE, Plaintiff respectfully requests the District Court to use its discretion and appoint counsel as the requirement of merit and need has been met.


Respectfully submitted,


_____
JOSE I. MACIA


Dated this 9th day of February, 2006