UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Jose I. Macia          )
     Plaintiff     )          Case No. 05-1920(PLF)
              )
    v.            )
              )
United States Marshals Service )
    Defendant.    )

## Response To Defendant's Motion To Dismiss Or Otherwise Transfer For Lack Of Venue.

Plaintiff, Jose I. Macia, responds to Defendant's Motion as follows:

### I. History

On September 17th 2004, Plaintiff suffered the loss of personal property on evacuation after Hurricane Ivan had destroyed the county jail where he was housed in Federal custody. United States Marshals refused to allow personal property to be placed in the evacuating bus. As the result of an administrative claim filed for the loss of said property, on November 6th 2004, the Bureau of Prisons referred determination to the U.S. Marshals Service in the District of Columbia on November 16th 2004. Plaintiff was subsequently transferred to five different institutions since November 2004 where he repeatedly attempted to receive a response to claim. After not having received a response, Plaintiff commenced writing the Marshal's Service at the referred Washington D.C address on June 16, July 18, and August 29, 2005

to no avail. On October 13, 2005 an additional letter was mailed following the denial of the claim on September 26, 2005, pointing blame on the county jail where Plaintiff was housed on September 17, 2004. On September 12th 2005 Plaintiff mailed the Clerk of Court in the District of Columbia for recording and service the instant civil action which forced the Marshals Service to respond September 26, 2005, a year after the loss and ten months after notification by the Bureau of Prisons of their exposure.[1]

## II. Argument

It is ludicrous for the Marshal's Service to conclude that "for the convenience of the parties and in the interest of judicial economy" any claim should be either dismissed or transferred when just the opposite is true. Plaintiff's claim occurred September 17, 2004 and was filed with the Bureau of Prisons on November 6th, 2004. On November 16th, 2004 the Bureau referred the claim to the Marshal's Service and notified the Services Acting General Counsel, at the time, Gerald M. Auerbach in Washington D.C. The Marshal's Service not only ignored the referral notice of the Bureau of Prisons, but several letters as well, sent to counsel Auerbach by Plaintiff until the filing of the instant

---

[1] Defendant's Motion incorrectly alleges on page 1 that Plaintiff fails to state what personal property was lost. The claim form has been included as an exhibit in the original filing as well as copied by the Bureau of Prisons in its referral to the Service on November 16, 2004.

2

action.  On September 26, 2005, one year after the loss and
14 days after Plaintiff had sent copies of the Civil Action
for recording, General Counsel Auerbach denied the claim from
his office in Washington pointing blame to the county jail where
Plaintiff was evacuated disregarding evidence of the negligent
and wrongful act of the Service and no one else.  By the date
of the instant Defendant's motion, January 31, 2006, there had
been two orders from the Court and a November 8th 2005 letter
instruction from the Clerk of Court.  Plaintiff has corresponded
with the Clerk, by mail, on three occassions and partial prepayment
of court costs have been collected.  On December 12th 2005 Plaintiff
further filed a motion to expedite a response.  Plaintiff has
been unduly forced to instigate legal proceedings by the unprofessional
and uncaring policy of the Marshal Service. **see exhibits**

Defendants main office where all communications originated
is located in the nation's capital.  All three attorney's
representing the Marshals Service have their offices in Washington
D.C.  The Civil Action was filed in Washington.  The Northern
District of Florida, where the loss occurred is unaware of this
action and therefore nothing is to be gained  economically
or otherwise from a change of venue.  The County jail which
the Marshals Service has decided to lay blame for the Service's
wrongful act has been notified by Plaintiff and, if required,
will give appropriate testimony.  Defendant's allegation that
the Parties, for convenience, would benefit from a change of
venue is inappropriate and self serving and should be so regarded

3

by this Court.

B.

Prosecution in a different venue would cause substantial
and great inconvenience, additional costs and incalculable delays.
Under Title 28 §1355, venue will not be enforced if it appears
that the Defendant possessed overwhelming bargaining power and
the present forum is more convenient. Plaintiff is serving
a Federal sentence under the Bureau of Prisons, is acting Pro
se and indigent. There is little question that the Marshal's
Service is attempting to overwhelm the Plaintiff by delaying
and causing difficulties for the action not to enter a fair
playing field. In Terkeurst v. United States (1982, WD Mich)
549 F.Supp. 455, the court made clear that it may deny a request
for transfer when Defendant failed to specify circumstances
indicating "relative advantages" of a change in venue. There
are no such advantages. No one pertinent, the Marshal's Services,
its agents and Counsel is outside the Washington, D.C. area.

Florida law enforcement officials managing the county jail
did not participate or order personal property to be left behind
at evacuation. All files, correspondence, filings, and domicile
of the entities and representatives are in the District of Columbia.
Judicial economy as well as the Doctrine of Just and Fair Play
commands venue to remain in the District. Further suspicion
of the Marshal's Service intent in delaying confrontation of
facts may be seen by their purposely ignoring demand letters
before the filing of this action and their casting blame to

4

other parties without performing due diligence.  The dispute is already localized and would cause more harm than good to start anew in another District.

C.

Different statutes may be compiled to demonstrate the overall intentions of litigations.  Venue is proper in the District against the Marshal's Service, whose offices are in Washington under 28 USC §1402(b), Kimberlin v. Quinlan (1991 DC Dist Col) 774 F.Supp.1.  Further, Prisoner's Pro Se Remedies are not limited by requirements of the Tort Claim Act (Holloway v. Gunnell (1982 CA5 Texas) 685 F.2d 150.  The general venue statutes allow a Federal question case to be brought "where all Defendants reside." (28 USC §1391 b)

The instant case was mailed for recording in September 2005 when every opportunity to verify and resolve the claim without the involvement of the legal system had been attempted. The claim was first received by the Marshal's Service on November, 2004.  To now attempt to claim judicial economy in order to impede and overwhelm the Pro se, indigent claimant denotes contempt of the Judicial process and a mentality of infallibility.

**Conclusion**

For the reasons expressed, this action should proceed in the interest of Justice in the District of Columbia.

Respectfully Submitted,

Jose L. Macia

5

Exhibit List Attached To Plaintiff's Response
To Defendant's January 31, 2006 Motion

| | | |
|---|---|---|
| 1. | November 4, 2004 | Claim Form Request |
| 2. | November 6, 2004 | Claim |
| 3. | November 16, 2004 | B.O.P. referral to Marshals Service |
| 4. | April 5, 2005 | Information request letter |
| 5. | June 16, 2005 | First letter to Marshal's Service |
| 6. | July 18, 2005 | Second letter to Marshal's Service |
| 7. | August 29, 2005 | Third letter to Marshal's Service |
| 8. | September 12, 2005 | Letter to Clerk enclosing Civil Action |
| 9. | September 26, 2005 | Denial of claim by Marshal's Service |
| 10. | September 29, 2005 | Order |
| 11. | October 13, 2005 | Fourth letter to Marshal's Service |
| 12. | October 13, 2005 | Letter to Clerk of Court |
| 13. | October 17, 2005 | Letter to Santa Rosa County Jail |
| 14. | November 7, 2005 | Letter to Clerk of Court |
| 15. | November 8, 2005 | Order |
| 16. | November 8, 2005 | Letter from Clerk of Court |
| 17. | December 21, 2005 | Motion to Expedite Response |
| 18. | December 21, 2005 | Appearance of A.U.S.A. Karen Melnik |
| 19. | January 31, 2005 | Defendant's Motion To Dismiss or Transfer Venue |
| 20. | February 8, 2006 | Plaintiff's Response |
| 21. | February 8, 2006 | Motion For Appointment of Counsel |

| TO: (Name and Title of Staff Member) Counselor Hull | DATE: 11/4/04 |
|---|---|
| FROM: Jose Macia | REGISTER NO.: 59005004 |
| WORK ASSIGNMENT: | UNIT: B121L |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary.  Your failure to be specific may result in no action being taken.  If necessary, you will be interviewed in order to successfully respond to your request.)

I want to file a Tort claim and need form SF95 according to Program Statement 1320.05 (Tort claims Act). I was housed at Santa Rosa County Jail the week of September 12th when Hurricane Ivan struck. By not being evacuated. All my personal property, legal papers, commissary etc was lost or left behind!

thank you

(Do not write below this line)

DISPOSITION:

exhibit A

| Signature Staff Member | Date |
|---|---|
| | |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

IRT-SER-2005-00588

**CLAIM FOR DAMAGE, INJURY, OR DEATH**

INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APVD OMB NO 1105-XX08 EXPIRES

| 1. Submit To | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| Regional Counsel 3800 N. Camp. Pk Way. S.W Bldg 2000 Atlanta, Georgia, 30331-5099 | Jose Ignacio Macia, 59005664 FDC Tallahasse 501 Capitol Circle N E Tallahassee, Fl, 32301 |

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☐ CIVILIAN | 4. DATE OF BIRTH 8/18/48 | 5. MARITAL STATUS Single | 6. DATE AND DAY OF ACCIDENT 9/12/04 to 9/17/04 Hurricane Ivan | 7. TIME (A.M. OR P.M.) AM and PM |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof.) (Use additional pages if necessary.)

By not evacuating Santa Rosa County Jail of Federal Inmates as Eglin and Pensacola camps had done on September 13, 2004, All personal property including legal documents, personal items and photos, commissary and clothing were lost. The roof gave way to water entry which in Turn destroyed the interior of the structure. I was confined 4 To a 2 man cell with no water, electricity, over flowing toilet or ventilation and two inches of rain water on the floor. When evacuation took place on September 17, I was not allowed to take anything with me. I have been advised to fi a claim on this form but I am also enclosing an attached affidavit of what happens

9. **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instruction on reverse side.) Telephone book, photographs, Toiletry, shower shoes, socks, underwear, T shirts, a gold filling, commissary items, legal documents and books, stamps, glasses

10. **PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

N/A

NOV 10 2004

REGIONAL COUNSEL'S-SERO.
BUREAU OF PRISONS

11. **WITNESSES**

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| US Marshal, Pensacola office | One North Palafox Street. Pensacola, Fl, 32501 |
| Sheriff, Milton, Florida | 5755 East Milton Rd. Milton, Fl, 32583 |
| Lieutenant Santa Rosa County Jail | Santa Rosa County Jail 5755 East Milton Rd. Milton, Fl, 32583 |

12. (See instructions on reverse.) **AMOUNT OF CLAIM (in dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| 500.00 | N/A | N/A | 500.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory FDC Tallahassee | 14. DATE OF CLAIM 11/6/04 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of 52,000, plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

U.S. Department of Justice

Federal Bureau of Prisons

*Southeast Regional Office*

*Building 2000*
*3800 Camp Creek Parkway, SW*
*Atlanta, Georgia 30331-6226*

November 16, 2004

Jose I. Macia
Reg. No. 59005-004
FCI TAL
501 Capitol Circle NE
Tallahassee, FL 32301

RE: Referral of Administrative Claim #TRT-SER-2005-00588

Dear Claimant:

The initial review of your administrative claim for a loss or injury reveals your claim is not
properly filed with this office. Accordingly, we are referring your claim to the U. S. Marshals
Services for final determination and disposition. All future correspondence should be directed to
the address indicated below.

Gerald M. Auerbach
Acting General Counsel
Room 1212, Building CS-3
U.S. Marshals Service Headquarters
Washington, D.C. 20530-1000

Sincerely,

Lisa M. Sunderman
Regional Counsel

APR 11 2005

4/5/05

Regional Counsel
3800 N. Camp Pkway S.W.
Bldg 2000
Atlanta Georgia 30331-5099

Re: Jose I Macia
59005004
claim sent 11/04

Dear Sir,

I filed a claim November, 2004 and To This date I have yet To receive verification or even a response. This is my second request from FCI Allenwood in the last month and previously, while on Transit, I sent notice from Atlanta holdover.

Would you please find and verify my claim and respond as soon as possible so I can put this aside and stop wasting both our Times. If for some reason there are questions or a problem, please let me know. I have forms and program statement copies which conform to the claim (SF95) so let me know what is happening.

I have followed the instructions given to me while at FCI Tallahassee and even enclose my original inmate request form which resulted in my claim's instruction.

Sincerely,

Jose Macia

5-2-05
Copy of refusal
mailed in response
to above

June 16, 2005

Mr. Gerald M. Auerbach
Acting General Counsel
Room 1212, Building CS-3
U.S. Marshal's Service Headquarters
Washington, D.C.          20530-1000

                    RE: Referral of Administrative Claim
                    No. TRT-SER-2005-00588

Dear Mr. Auerbach:

        Enclosed please find a copy of the B.O.P.'s Regional Counsel,
Lisa M. Sunderman's letter where I am directed to correspond with
you about my claim.  I also enclose a copy of my original claim
stamped 11/20/2004 and other communications.

        Please keep in mind that it was on June 6th, 2005, that I
received the only feedback of my November 2004 claim.  I enclose
a copy of the post-marked envelope which brought the direction of
referral to your office.

        PLease let me know if there is anything else required.


Very truly yours,



_____
JOSE I. MACIA

                                    exhibit E(c)



cc: file

P.O. BOX 2000
WHITE DEER, PA 17887-2000

July 18, 2005

Gerald M. Auerbach
U.S. Marshal's Service
Room 1212 Building CS-3
U.S. Marshal Service Headquarters
Washington D.C.      20530-1000

Re: Tort Claim No. TRT-SER-2005-00588

Dear M. Auerbach:

Last June 16, 2005, I mailed to your care a collection of do-
cuments including BOP's Regional Counsel referral of my claim to
the Marshal's Service. Since I have not received a response, i
write again to ascertain whether the disposition of my claim is
proceeding. I also additionally enclose copies of pertinent do-
cuments previously mailed.

If there is anything else that I need to discuss or send,
please let me know. I encountered a delayed feedback time with the
BOP which I did not expect from your office. A lack of response
has made me look at other avenues of pursuing the claim which I
still think I can avoid.

I expect a response promptly.

Very truly yours,

JOSE I. MACIA

exhibit c (b)

cc: U.S. Marshal's Service

Reg. No. 29005-004
FCI ALLENWOOD
P.O. BOX 2000
WHITE DEER, PA 17887-2000

August 29, 2005

Gerald M. Auerbach
Acting General Counsel
U.S. Marshals Service Headquarters
Washington D.C.    20530-1000

Re: Negligence Claim No. TRT-SER-2005-00588

Dear Mr. Auerbach:

My claim referred to your office on November 16, 2004, by the Bureau of Prisons has been ignored by your office for the last 9 months even after continuous correspondence imploring action.

As mentioned in my previous letters, I had hoped to avoid litigation as it is costly, time consuming and overburdens the courts.  IT seems those worries are not assimilated by the Marshals Service.

If I do not receive satisfaction within ten days, communication will be through the court.

Govern yourself accordingly,


Very truly yours,


_____
JOSE I MACIA                              exhibit c (A)


cc: file

Reg. No. 59005-004
P.O. BOX 2000
FCI ALLENWOOD
WHITE DEER, PA 17887-2000

SEPTEMBER 12,2005

Ms. Nancy M. Mayer-Whittington
Clerk of the Court
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue   NW
Washington D.C.   20001

Dear Clerk:

Enclosed please find an original and two copies of the suit
and attachments against the U.S. Marshals Service.  I also include
a motion for "Leave of Court to Proceed in <u>Forma Pauperis</u>."  I also
have accompanied this mailing with a motion for appointment of coun-
sel, but in reality, the amount contested being minimal, I leave
that decision to the Court.

I have attempted to prevent legal action as to not bother the
Court with such an easily resolvable claim, but I have been so ig-
nored that my patience has expired.

I apologize for the inconvenience, and thank you for your ser-
vice and attention.


Respectfully yours,



JOSÉ I MACIA


cc: file

DISTRICT OF COLUMBIA

———————————————X

JOSE I. MACIA
        Plaintiff
Of Service of Process
Address:
                       :
REG. No. 59005-004
FCI Allenwood
P.O. Box 2000                 :
White Deer, PA 17887-2000

   -against-                :

United States Marshals Service     Case Number_____

       Defendant         :
Of Service of Process
Address:
                       :
C/O Acting General Counsel
Gerald M. Auerbach
Room 1212, BLD CS-3      :
Washington, D.C.  20530-1000


———————————————X

Comes now the Plaintiff, JOSE I MACIA, and sues the UNITED STATES
MARSHALS SERVICE, C/O Gerald M. Auerbach, Acting General Counsel
under 28 U.S.C. § 1346 for the loss of personal property caused
by the negligent act of the Marshals Service upon the evacuation
of the Plaintiff from Santa Rosa County Jail on September 17, 2004.

## STATEMENT OF FACTS

    1. Plaintiff, JOSE I MACIA, was being housed at Santa Rosa Coun-
ty Jail in Milton, Florida under the care of the Marshals Service
while awaiting sentence the week of September 11, 2004.  On Septem-
ber 15, when Hurricane Ivan struck, the Marshalls Service was ne-
gligent from their duty and Plaintiff was made to endure the des-
truction of the jail by the storm and to suffer inhumane conditions
until evacuation on September 17, 2004.

2.  On evacuation, the Marshals Service did not allow Plaintiff to carry any personal property including legal documents pertaining to his defense.  Personal property was piled indiscriminately along a water-logged corridor full of fallen roof and wall debris.  Plaintiff Macia was told that his personal property would not be accompanying him to the new destination, FDC Tallahassee.  After a delay of six weeks attempting to recover his property Plaintiff was informed of the loss and told to file a claim (See "Exhibit A" Inmate Request Form, dated 11/4/2004).

3.  A claim was filed stamped 11/10/04 by the Regional Counsel of the Bureau of Prisons who immediately referred the claim to the U.S. Marshals Service. (See "Exhibit B" dated November 16, 2004.) For the last nine months the Marshals Service has refused to act or respond to correspondence of Plaintiff (See "Exhibit C" Letters dated June 16, July 18, and August 29, 2005).

## ARGUMENT

4. Under 28 U.S.C. § 1346, the Service is liable for loss of property caused by negligent or wrongful act of an employee of the government while acting within the scope of his office or employment. Under Title 18 § 4086, the Service duties include the safekeeping of inmates.  The U.S. Marshals Service not only abandoned the Plaintiff in its custody in the path of hurricane Ivan in unsafe housing which could have cost him his life, but in the eventual evacuation, post hurricane, decided to lose or abandon Plaintiff's personal property at will.  Plaintiff  has patiently waited for righteous compensation to no avail resulting in this action.

Page 2

## CONCLUSION

Plaintiff prays the District Court to enter judgement against the United States Marshals Service for their cavalier attitude of not responding to the claim. The Marshals Service is reponsible for the loss of the Plaintiff's personal property and recklessly endangering his life.

Plaintiff Macia's claim is for $ 500.00 plus interest Court costs and fees, but Plaintiff prays the Court to also enter a punitive judgement in an amount to be determined by the Court for the Service's incomprehensible policy of lassitude .

Respectfully,

JOSE I MACIA
September 12,2005

cc: U.S. Marshals Service

In the United States District Court

for the District of Columbia

Division

JOSE I. MACIA

_____

_____

_____

(Enter above the full name of the
plaintiff or plaintiffs in this action).

      vs.

U.S MARSHALS SERVICE

   C/O ACTING GENERAL COUNSEL

   GERALD M. AUERBACH

_____

(Enter above the full name of the
defendant or defendants in this action).

A. Have you begun other actions in federal Court dealing with
   the same facts involved in this action? Yes ( ) No (X)

B. If your answer to A is yes, describe the action in the spaces
   below. (If there is more than one action, describe the addi-
   tional actions on the reverse side of this page).

   1. Parties to the action: _____ N/A _____

      _____

      _____

   2. Court (federal court, name the district) _____ N/A _____

      _____

   3. Docket number: _____ N/A _____

   4. Name of judge to whom case was assigned: _____ N/A ____

      _____

5. Disposition (for example:    Was the case dismissed?    Was it appealed?    Is it still pending?):_____

_____N/A_____

C.  1.  Did you present the facts relating to your complaint in the internal prison grievance procedure?
        Yes (x)  No ( )

    2.  If your answer is yes, what was the result?_____

        REFERRED TO THE U.S.MARSHALS SERVICE SEE EXHIBIT ATTACHED

        DATED NOVEMBER 16, 2004. REFERRAL SIGNED BY B.O.P. REGIONAL COU

    3.  If your answer is no explain._____

        _____N/A_____
        \
        _____

D.  1.  Did you present your claim to the Bureau of Prisons or other federal agency for administrative action?
        Yes (x)  No ( )

    2.  If your answer is yes, state the date such claim was submitted and what action, if any, has been taken. NO RESPONSE

    a.  11/4/04 INMATE REQUEST ATTACHED_____

    b.  11/6/04 CLAIM ATTACHED_____

    c.  11/16/04 CLAIM REFERRED TO U.S. MARSHALS SERVICE_____
    d.  JUNE 16 and JULY 18, 2005 TO U.S. MARSHALS SERVICE and AUGUST
    3.  If your claim has been acted on, attach copies of any        200
        correspondence you have received from the Bureau of
        Prisons or other federal agency concerning your claim.

E.  1.  Are you suing for a work related injury? Yes ( )  No (X)

    2.  If your answer is yes, state the nature of the duties you
        were performing when the injury occurred.

        ____N/A_____

        _____

        _____

PARTIES

(In item I below, place your name in the first blank and place
your present address in the second blank.  Do the same for addi-
tional plaintiffs, if any).

I.  Name of plaintiff  JOSE I. MACIA REG. No. 59005004

    Address FCI ALLENWOOD P.O. BOX 2000 WHITE DEER, P.A. 17887

(In item II below, place the full name of the defendant in the
first blank, his official position in the second blank and his
place of employment in the third blank.  Use the space below item
II for names, positions and places of employment of any addi-
tional defendants.)

II.  Defendant U.S.MARSHALS SERVICE          IN CARE OF    ACTING

    GENERAL COUNSEL, GERALD M. AUERBACH  ROOM 1212. BUILDING CS-3

                                WASHINGTON, D.C. 20530-1000

STATEMENT OF CLAIM

III.  State here as briefly as possible the facts of your case.
      Describe how each defendant is involved.  Include also
      the names of other persons involved, dates and places.
      Do not give any legal arguments or cite any cases or statutes.
      If you intend to allege  a number of different claims, number
      and set forth each claim in a separate paragraph.  (Use as
      much space as you need.  Attach extra sheet, if necessary).

      NEGLIGENT ACT BY THE MARSHALS SERVICE OF NOT EVACUATING FEDERAL

      INMATES IN THE PATH OF HURRICANE IVAN ON SEPTEMBER 2004, CAUSING

      PERSONAL PROPERTY OF CLAIMANT TO BE LOST OR STOLEN. AS CITED ON

      THE ATTACHED CLAIM FORM STAMPED NOVEMBER 10 2004, WITNESSES WERE

      DEPUTY MARSHALS, SHERIFF AND LIEUTENANT AT SANTA ROSA COUNTY JAIL

      IN MILTON, FLORIDA. ALL COMMUNICATIONS ARE ATTACHED.

RELIEF

IV.    State what relief you seek from the Court.  Make no legal
arguments.  Cite no cases or statutes.

A JUDGEMENT AGAINST THE U.S. MARSHALS SERVICE FOR $500.00 PLUS

INTEREST, COURT COST AND FEES AND A PUNITIVE JUDGEMENT IN AN

AMOUNT TO BE DETERMINED BY THE COURT.

Signed this ___12 ᵗʰ___ day of ___september___,

19 . 2005

                                        (Signature of Plaintiff or
                                         plaintiffs)

## DECLARATION

I, __JOSE I. MACIA__                          declare under penalty

of perjury that I have read and subscribed to the above and state

that the information contained therein is true and correct to the

best of my knowledge.

Executed ___9/12/05___        at ___FCI Allenwood White Deer___
                (date)                      (place)
                                             PA 17887

                            _____
                               (signature of Plaintiff)

Signature of Attorney (if any)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSE I. MACIA,                         )
  PLAINTIFF                            )
                                       )
                                       )
       V.                              )   NO.
                                       )
UNITED STATES MARSHALS SERVICE,        )
  DEFENDANT.                           )
                                       )

## MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

COMES NOW PLAINTIFF, JOSE I. MACIA, and, pursuant to Sup. Ct.
Rule 39, moves for leave to proceed in forma pauperis.

1) I have been determined indigent, pursuant to 18 U.S.C.
§3006A, by the United States District Court for the Northern District
of Florida.  Counsel was appointed to represent me in the District
Court and later on appeal before the Court of Appeals of the 11-th
Circuit.

2) I remain indigent and wish to pursue legal action before this
Court against the Marshals Service for negligence in the care of
personal property.

WHEREFORE, I ask this Court to grant this motion and allow me
to proceed in forma pauperis.

Dated: August 30, 2005.



                                        Respectfully submitted,

                                        _____
                                          JOSE I. MACIA

```
                                    X
                                    :
JOSE I. MACIA , PLAINTIFF           :
                                    :    APPLICATION FOR APPOINTMENT
     vs.                            :    OF COUNSEL pursuant to
                                    :    18 U.S.C. § 3006A(g)
U.S. MARSHALS SERVICE , DEFENDANT   :    (habeas corpus petition)
                                    :
                                    :
                                    :
                                    :
                                    :
                                    :
                                    X
```

1.   Name of applicant ___JOSE I. MACIA_____

2.   Explain why you feel you need a lawyer in this case.  (Use
     additional paper if necessary.)
     I DO NOT HAVE EXPERIENCE OR A LEGAL EDUCATION TO ADEQUATELY RE-
     PRESENT MYSELF.

3.   Explain what steps you have taken to find an attorney and with
     what results.  (Use additional paper if necessary.)
     I HAVE BEEN DECLARED INDIGENT, PURSUANT TO 18 U.S.C. § 3006A,
     BY THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA.

4.   If you need a lawyer who speaks in a language other than
     English, state what language you speak: __N.A._____


I declare under the penalties of perjury that my answers to the
foregoing questions are true to the best of my knowledge.

I understand that if I am assigned a lawyer and my lawyer learns,
either from myself or elsewhere, that I can afford a lawyer, the
lawyer may give this information to the Court.

I understand that if my answers on my application to Proceed in
Forma Pauperis are false, my case can be dismissed.

Dated: ___9/12/2006_____        ___Jose I. Macia_____
                                               Signature

United States Marshals Service

*Office of General Counsel*

*Washington, DC 20530-1000*

**SEP 2 6 2005**

**CERTIFIED MAIL #**    7005 1820 0002 5200 5874

Jose I. Macia, Reg. #59005-004
Federal Correctional Institution Allenwood Medium
P.O. Box 2000
White Deer, PA 17887

**Re: Administrative Tort Claim**

Dear Mr. Macia:

This responds to the administrative tort claim you filed with the Federal Bureau of Prisons, Southeast Regional Office, for property loss in the amount of $500.00. Your claim has been referred to this office for response. The claim arises from the alleged loss of property by USMS employees during Hurricane Ivan when the roof of the Santa Rosa County Jail gave way, between "9/12/04 to 9/17/04."

The applicable provisions of the Federal Tort Claims Act [28 U.S.C. §§ 1346(b), 2401(b), 2671, et seq.] provide for the payment of claims which arise from the negligent or wrongful acts or omissions of an employee of the Federal Government while acting within the scope of his or her employment.

Our review of the circumstances surrounding your claim shows no negligence or wrong doing on the part of any USMS employee. Specifically, the USMS entered into an Intergovernmental Agreement with Santa Rosa County to temporarily house federal detainees. In this regard, the daily safekeeping responsibility for federal prisoners housed at a local contract jail, such as the Santa Rosa County Jail, rests with the jail, and not with the U.S. Marshals Service. The USMS is not responsible for the conditions of the facility or actions of local jail personnel, since they are considered to be independent contractors. See Logue v. United States, 412 U.S. 521 (1973).

Accordingly, your administrative tort claim against the United States in the amount of $500.00 is denied. If you are dissatisfied with our determination, you may file suit in the appropriate U.S. District Court not later than six months after the date of the mailing of this notice of final denial.

Sincerely,

**Gerald M. Auerbach**
General Counsel

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SEP 2 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Jose I. Macia,                           )
                                         )
              Plaintiff,                 )
                                         )
       v.                                )      Civil Action No.    05 1920
                                         )
United States Marshals Service,          )
                                         )
              Defendant.                 )

## ORDER

The Court will allow the above-captioned action to be provisionally filed. Before the Court will consider the application to proceed *in forma pauperis* and the complaint, plaintiff must provide the following information to the Court.

In accordance with 28 U.S.C. § 1915, plaintiff shall provide the Court with a certified copy of the plaintiff's trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of this complaint, obtained from the appropriate official of each prison at which plaintiff is or was confined.

The Court hereby advises plaintiff that federal law requires a plaintiff in a civil action to pay a filing fee of $250.00. After submission of the trust fund information, the Court will determine plaintiff's ability to pay the entire amount in one payment. If the Court determines that plaintiff does not have sufficient funds to pay the filing fee at one time, the Court will assess an initial partial filing fee. After payment of the initial partial filing fee, monthly payments of 20 percent of the deposits made to the plaintiff's trust fund account during the preceding month will be forwarded to the clerk of the Court each time the account balance

3

exceeds $10.00.  Payments will continue until the filing fee is paid.  Accordingly, it is by the

Court this _27_ day of September 2005,

ORDERED that within **thirty (30) days** from the filing date of this Order, plaintiff

shall provide the above-requested information.  Failure to comply with this Order will result in

dismissal of this action.

SO ORDERED.

United States District Judge

General Counsel
U.S. Marshals Service
Washington, D.C. 20530-1000

October 13, 2005

Re: Jose I. Macia
    Civil Action 05-1920

Dear Mr. Auerbach,

I congratulate you for the promotion from acting to General Counsel.

I am responding to your letter of September 26, 2005 which I received today October 13, 2005.

The conclusion and facts backing your statements are erroneous and easily contradicted by the 124 Federal Inmates evacuated on September 17, 2005 and by the management, Lieutenant or other prison officials on duty that day. Maybe even by moral Marshals.

Inmates had been told of an evacuation when both Eglin and Pensacola Prison Camps evacuated for secure housing. We were packed and ready days before the storm struck. It was the U.S. Marshals Service through its Deputies who ordered that no personal property be taken on board buses on September 17th. Do not blame Santa Rosa County Jail Officials for the negligent act of leaving piles of personal property behind at evacuation.
The local officials were just as astounded as we were by the uncaring and irresponsible act of the Marshals.

Your Intergovermental agreement also will not protect you from this claim. The negligence was on departure and certainly not by dumbstuck and storm fatigued Santa Rosa Officials. I suspect you can now return the claim back to the B.O.P. or even on me for not struggling with the Marshals, so to retain possesion of my property.

I would suggest an investigation and not typical bureaucratic denial of responsibility that your letter demonstrates.

Please address future communication through the courts or appointed counsel, as this is in their hands.

Very Truly Yours,

Jose I. Macia

c/c Clerk Of Court, District Of Columbia, Case No. 05-1920

Clerk Of Court                                    Oct. 13, 2005
United States District Court
Southern District Of Columbia
U.S. Courthouse
333 Constitution Ave. N.W.
Washington, D.C.    20001


Re: Jose I. Macia

            v

    U.S. Marshals Service
    Citation 051920


Dear Clerk,

        I enclosed my response of October 13, 2005 to a letter of
the U.S. Marshals Service dated September 26, 2005.
It would seem the service was not aware at its writing that a
civil action has been filed against them.

        I also have enclosed a copy of the Bureau of Prisons
original referral of the claim to the Service and a letter to
Santa Rosa County. As stated in my response to the General
Counsel, the local institution did not cause the negligent loss
of my property. My property among many was left behind when
boarding the Marshals bus.

        Please let me know if there is anything else I need to do
for I have advised the Marshals Service to communicate through
the courts from now on.


Sincerely,

Jose I. Macia

FCI Allenwood
P.O.Box 2000
White Deer, PA. 17887-2000

Oct. 17, 2005

Lieutenant
Santa Rosa County Jail
P.O.Box 7129
Milton, FL. 32572

Re: Jose I. Macia
    Reg. No. 59005-004

Dear Lieutenant,

I was housed at your institution the week of September 12th, 2004 when Hurricane Ivan struck and evacuated on September 17th.

As you will be able to read in the attached letter, the U.S. Marshals Service is attempting to lay blame at Santa Rosa County for the loss of personal property at evacuation. There were, I believe, 124 Federal Inmates evacuated that day and thus a substantial exposure of liability. I also enclose a November 16,2004 referral by the B.O.P. to the Marshals Service of my claim.

It now has become Santa Rosa County's turn to face responsibility according to the Marshals.

It is my position, as you will be able to conclude from my demands, that only the Service was negligent with strict orders by Deputy Marshals not to allow any personal property to accompany the inmates.

Notwithstanding the importance of the contract which your institution has with the Service, the facts and blame only point their way.

I suggest distribution of my letter to the proper authorities so as to not be caught off guard in future proceedings.

If I can be of any help, please let me know.

Very Truly Yours,

Jose I. Macia

REG. No. 59005-004
FCI ALLENWOOD
P.O. BOX 2000
WHITE DEER, PA 17887-2000

November 7, 2005

Clerk of the Court
United States District Court
U.S. Courthouse
333 Constitution Avenue N.W.
Washington, D.C.  20001

Dear Clerk:

On September 12, 2005, I mailed you a suit against the U.S.
Marshals Service which resulted in an order (Civil Action No.
051920) advising of the need to provide the court with a certified
copy of the Plaintiff's Trust Account Statement.

On October 7, 2005, as ordered, I mailed to your office a certified
copy of my statement for the last six months.

On October 17, 2005, I mailed copies of letters and enclosures to
the U.S. Marshals Service and to Santa Rosa County Jail.

I have not received a response as to compliance with the September
29 Order and would like to ascertain my standing with the Court.

Would you please acknowledge receipt of the above-described respon-
ses and provide me with a date I should expect an answer to the ci-
vil action as it was deemed filed on September 27, 2005.

Respectfully yours,

JOSE I MACIA

cc: file

NOV - 8 2005

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JOSÉ I. MACIA,                                )
                                              )
            Plaintiff,                        )
                                              )
    v.                                        )        Civil Action No. 05-1920
                                              )
UNITED STATES MARSHAL SERVICE,                )
                                              )
            Defendant.                        )

## ORDER

Plaintiff, proceeding *pro se*, has submitted the requisite financial information pursuant to 28 U.S.C. § 1915(a). Upon review of the financial information, the Court finds that Plaintiff is required to pay the statutory filing fee of $250.00 for this action in accordance with the provisions of 28 U.S.C. § 1915(b).

Accordingly, it is hereby

**ORDERED**, that:

1.    Plaintiff is obligated to pay an initial partial filing fee of **$ 18.26** to the Clerk of the United States District Court for the District of Columbia.

2.    Plaintiff is obligated to the United States District Court for the District of Columbia for twenty percent of the preceding month's income credited to his prison account as continued partial payments on the remaining balance of the $250.00 filing fee.

3.    The authorized institution officer shall deduct from Plaintiff's prison account the initial payment described above. The remaining payments described above shall be deducted and paid to the Clerk of the United States District Court for the

District of Columbia each time the amount in the account exceeds $10 until the filing fee

is paid.

4.    A copy of this Order shall be furnished to Plaintiff's place of incarceration.

5.    Plaintiff's application to proceed *in forma pauperis* is GRANTED, except

to the extent that Plaintiff is required to make the payments set forth above.

SO ORDERED.

_____
United States District Judge

DATE: 10/31/05

**CLERK'S OFFICE**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
Tuesday, November 08, 2005

Civil Action#: 051920 - *PLF*
Plaintiff: JOSE I. MACIA

DEAR JOSE I. MACIA

In the above entitled case, please be advised that on 10/31/05, Judge Sullivan
endorsed theron as follows:

"Leave to file without prepayment of costs granted."

As a result of the Judge's ruling,  your case has been assigned to Judge
Friedman.  All subsequent correspondence or pleadings must bear the civil
action number referred to above, followed by the initials of the Judge assigned
to your case.

NANCY MAYER-WHITTINGTON, CLERK
By:  Mrs. M. Higgins

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
————————————————————————X
JOSE I. MACIA
         Plaintiff,              :

      -against-
                                 : Case No. 1:05-cv-01920-PLF
United States Marshals
Service
         Defendant.              :
————————————————————————X
```

## MOTION TO EXPEDITE DEFENDANT'S RESPONSE

COMES NOW Plaintiff, JOSE I MACIA, and respectfully submits the
foregoing motion to expedite Defendant's response to the Civil
Action.

1. On September 29, 2005, Plaintiff filed a Civil Action against
the U.S. Marshals Service accompanied with a motion for leave of
Court to proceed in forma pauperis. On the same date, a Court
order was filed by the Clerk requesting Plaintiff to provide a six
month trust fund acoount  statement.

2. On November 8, 2005, Plaintiff's application to proceed in
forma pauperis was granted except to the extent that Plaintiff was
required to make the payments described in said order.

3. On December 5, 2005, Plaintiff, complying with the November
8, 2005 Order, agreed and signed permission to the Bureau of Prisons
to deduct from his trust fund account the required partial filing
fee in order to proceed with the civil action.

4. Plaintiff is desirous in expediting his action and prays

Page 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSE I. MACIA,                        )
                                      )
            Plaintiff,                )
                                      )
    v.                                )
                                      )  Civil Action No. 05-1920 (PLF)
UNITED STATES                         )
MARSHALS SERVICE,                     )
                                      )
                                      )
            Defendant.                )
                                      )

## PRAECIPE

The Clerk will please enter the appearance of Assistant United States Attorney Karen L. Melnik as counsel for the federal defendant in this action.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar #451058

KAREN L. MELNIK D.C. BAR #436452
Assistant United States Attorney
U.S. Attorney's Office for the
District of Columbia
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-0338 (O)
(202) 514-8780 (Fax)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

———————————————————X

JOSE I. MACIA

        Plaintiff,

                         :

       -against-             :    Case Number: 05-1920 (PLF)

UNITED STATES MARSHALS SERVICE,  :

        Defendant.

———————————————————X

## MOTION FOR APPOINTMENT OF COUNSEL

### 1. Introduction:

On September 29, 2005, Plaintiff JOSE I. MACIA, a federal prisoner temporarily housed at FCI Allenwood in Pennsylvania, filed a civil action under 28 U.S.C. 1346 against the United States Marshals Service for the loss of personal property on evacuation September 17, 2004 after Hurricane Ivan struck and destroyed the county jail he was housed.

The action to deprive Plaintiff of his property was ordered by the Marshals escorting federal inmates to the evacuation buses. On November 16, 2004, the Bureau of Prisons referred the claim to the Marshals Service who ignored responding demands even after numerous requests pleading an answer. On September 12, 2004, Plaintiff mailed the Clerk of Court for filing the instant civil action forcing the Service to finally answer on September 26, 2005

Page 1

but assigning blame to the county jail where the Plaintiff had
been held.  On December 12, 2005, Plaintiff mailed for filing a
motion to expedite defendant's response which resulted in an
appearance by Assistant United States Attorney Karen L. Melnik,
D.C. Bar Number 436452.  On January 31, 2006, Defendant filed
a motion to dismiss or, in the alternative, to transfer for lack
of venue which Plaintiff, acting pro-se, has responded to the best
of his knowledge.

2.  Argument

Plaintiff's motion for appointment of counsel is based on his
indigent status and the claim of not having the experience nor the
legal education to adequately represent himself.  Appointment is
warranted because of the meritorious issues presented and the need
for discovery, research and investigation as well as representation.
Petitioner has been able to verify that only the Marshals Service
was responsible for the negligent act not to board personal property
in the evacuation bus and the comment of "unimportance" of said pro-
perty.

Petitioner, by the fact of his imprisonment, is severely limited
in the discovery process by an attitude that, to a prisoner, the
Doctrine of Just and Fair Play does not apply and, therefore, nei-
ther does constitutional protections.

In the instant case, Plaintiff has exposed issues that cannot
be disproven by Defendant and is in need of further research and

Page 2

investigation to expose the entire case to the Court.

Plaintiff additionally warrants legal representation to assure that further due diligence be realized without harrassment or vindictiveness.

3.  Conclusion.

WHEREFORE, Plaintiff respectfully requests the District Court to use its discretion and appoint counsel as the requirement of merit and need has been met.

Respectfully submitted,

JOSE I. MACIA

Dated this 9th day of February, 2006