UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSE I. MACIA, | ) |
| | ) |
| Plaintiff, | )   Case No. 05-1920 (PLF) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES MARSHALS SERVICE, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
OR, IN THE ALTERNATIVE, TO TRANSFER FOR LACK OF VENUE**

**I. INTRODUCTION**

In response to defendant's motion to dismiss for lack of subject matter jurisdiction and improper venue pursuant to Federal Rule of Civil Procedure 12(b)(1), (3) and 28 U.S.C. § 1402(b) or 28 U.S.C. § 1404(a) or, in the alternative, to transfer to the Northern District of Florida, plaintiff fails to provide any facts which support that venue is proper in the District of Columbia.  Plaintiff's letters to the United States Marshal Service ("USMS") General Counsel's Office and letters from the Clerk of this Court does not establish proper venue here.  The proper venue remains where plaintiff alleges the tort occurred: the Northern District of Florida.

**II.  Legal Standard**

"[I]n considering a rule 12(b)(3) motion, the court accepts plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." Darby v. Dept. of Energy, 231 F. Supp.2d 274, 276 (D.D.C. 2002), citing 2215 Fifth St. Assocs. v. U-Haul Intl, Inc., 148 F. Supp.2d 50, 54 (D.D.C. 2001).  However, the court need not accept as true plaintiff's legal conclusions.  U-Haul, 148 F. Supp.2d at 54.  In order to prevail on a motion to dismiss for

improper venue, the defendant must present facts that will defeat plaintiff's assertion of venue. Id.

### III.  ARGUMENT

Plaintiff makes his claim pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b).  Venue for the FTCA is controlled by 28 U.S.C. § 1402(b), which provides that "[a]ny civil action on a tort claim against the United States under subsection (b) of section 1346 of this title may be prosecuted only in the judicial district where plaintiff resides or wherein the act of omission complained of occurred."

The District of Columbia is not the proper venue.  Plaintiff does not reside in nor is he incarcerated in the District of Columbia.  The prison that is the subject of Plaintiff's claim is the Santa Rosa County Jail located in Milton, Florida.  See Complaint at ¶ 1.  All of the events giving rise to plaintiff's claim occurred in Florida, not Washington, D.C.   See Complaint at ¶¶ 1-2.  Even though plaintiff has written numerous letters to USMS Acting General Counsel Gerald M. Auerbach, whose office is located in the District of Columbia, this correspondence does not establish proper venue.[1]  See  Zakiya v. United States, 267 F. Supp. 2d 47, 59 (D.D.C. 2003) ("Because none of the operative events that constitute the gravamen of plaintiff's claims took place in the District of Columbia, the Court concludes that venue in this district is

---

[1] The letter plaintiff received from the Acting General Counsel Auerbach calls into question whether the USMS is the responsible party.  The letter states that "the USMS entered into an Intergovernmental Agreement with Santa Rosa County to temporarily house federal detainees.  In this regard, the daily safekeeping responsibility for federal prisoners housed at a local contract jail, such as Santa Rosa County Jail, rests with the jail, and not with the U.S. Marshals Service."  See Plaintiff's Exhibits at 24 (September 26, 2006 letter).

improper."). Similarly, the letters Plaintiff has received from the Clerk of the Court as a result of filing his lawsuit here, does not establish proper venue.

Though a plaintiff's choice of forum is entitled to deference, a plaintiff's choice receives less weight where the operative facts occurred in another forum and the plaintiff does not reside in the chosen forum. Airport Working Group of Orange County, Inc. v. United States DOD, 226 F. Supp. 2d 227 (D.D.C. 2002) at 230 (and cases cited therein). See also Weber v. Basic Comfort, 155 F. Supp. 2d 283 (E.D. Pa. 2001). That is quite clearly the case here. As defendant argued in its motion to dismiss, plaintiff's complaint demonstrates that **all** events occurred in the Northern District of Florida. With the exception of plaintiff's correspondence with the USMS General Counsel's Office, the connections to this district are non-existent. Thus, the case should be litigated in the Northern District of Florida, where the causes of action arose, where the decisions were made and implemented and where plaintiff was incarcerated and allegedly suffered the consequences of the Marshals Service's actions.

Even if plaintiff's correspondences with the USMS were enough to establish proper venue here, the convenience of the parties, witnesses, and the interest of justice dictate that the case should be transferred to the Northern District of Florida pursuant to 28 U.S.C. § 1404(a). See Airport Working Group of Orange County, Inc. v. United States DOD, 226 F. Supp. 2d 227 (D.D.C. 2002).

### IV.  CONCLUSION

For reasons stated herein, this action should be dismissed. Any claims not dismissed should be transferred to the Northern District of Florida where venue is proper.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney


_____
R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney


_____
KAREN L. MELNIK, DC Bar #436452
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused a copy of the foregoing Defendant's Motion to Dismiss or, in the Alternative, to Transfer for Lack of Venue be sent via first class mail on:

> Mr. Jose I. Macia
> Register Number 59005-004
> FCI Allenwood, P.O. Box 2000
> White Deer, PA 17887-2000

on this ___ day of February, 2006.

_____
Karen L. Melnik
Assistant United States Attorney