UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

)
JOSE I. MACIA,                            )
                                          )
         Plaintiff,                       )
                                          )
    v.                                    )    C. A. NO. 05-1920 (PLF)
                                          )
UNITED STATES MARSHALS                    )
SERVICE,                                  )
                                          )
         Defendant.                       )
_____)

MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has filed an action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq*. Defendant has filed a motion to dismiss or, in the alternative, to transfer for lack of venue. Based on the allegations in the complaint, the parties' filings, and the applicable legal authority, the Court will grant the defendant's motion and transfer the case to the United States District Court for the Northern District of Florida.

I. BACKGROUND

Plaintiff is an inmate at the Federal Correctional Institution in White Deer, Pennsylvania. Complaint ("Compl."), p. 1. During the week of September 11, 2004, plaintiff was incarcerated at the Santa Rosa County Jail in Milton, Florida awaiting sentencing. *Id.*, ¶ 1. On September 15, 2004, Hurricane Ivan struck and destroyed the jail. *Id.* As a result, the prisoners were evacuated to the Federal Detention Center in Tallahassee, Florida. *Id.*, ¶¶ 1-2.

Plaintiff alleges that the United States Marshals Service would not allow him to

bring his personal property, including legal documents, to the Federal Detention Center. *Id.*, ¶ 2. After six weeks, defendant informed plaintiff that his property had been lost. *Id.* On November 6, 2004, plaintiff filed a tort claim with the Bureau of Prisons. *Id.* & Exhibit ("Ex.") B. BOP referred the claim to the defendant on November 16, 2004. *Id.*, ¶ 3. Plaintiff alleges that since that time the defendant has not acted on his claim or responded to his correspondence. *Id.*

## II. DISCUSSION

### A. Standard of Review

Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, defendant moves to dismiss the complaint based on improper venue. Alternatively, defendant requests that the case be transferred to the Northern District of Florida. In ruling on such a motion, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *2215 Fifth St. Assocs. v. U Haul Int'l, Inc.*, 148 F.Supp. 2d 50, 54 (D.D.C. 2001); *Darby v. U.S. Dept. of Energy*, 231 F.Supp.2d 274, 277 (D.D.C. 2002). The court, however, need not accept the plaintiff's legal conclusions as true. *2215 Fifth St. Assocs.,* 148 F.Supp.2d at 54. To prevail on a motion to dismiss for improper venue, the defendant must present facts that will defeat the plaintiff's assertion of venue. *Id.*

### B. Discussion

The FTCA provides that district courts have jurisdiction over claims arising from torts committed by federal employees in the scope of their employment. *Sloan v. Dep't of Housing and Urban Dev.*, 236 F.3d 756, 759 (D.C. Cir. 2001); *see also* 28 U.S.C. § 1346(b). The FTCA is the exclusive remedy for torts committed by federal employees. *United States v. Smith*, 499 U.S. 160, 163 (1991). Claims under the FTCA "may be prosecuted only in the

judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Plaintiff resides in the Federal Correctional Institution in White Deer, Pennsylvania and the acts or omissions complained of took place in Florida. Accordingly, venue is improper in this Court.

When a plaintiff files an action in the wrong district, courts are to "dismiss, or if it be in the interest of justice, transfer such case" to the proper venue. 28 U.S.C. § 1406(a). A district court may transfer a civil action to any other district where the claim might have been brought "[f]or the convenience of parties and witnesses, in the interests of justice." 28 U.S.C. § 1404(a); *see also Zakiya v. United States*, 267 F.Supp. 2d 47, 59 (D.D.C. 2003). As a general matter, a transfer of the case is favored over a dismissal. *El v. Beden*, 360 F.Supp. 2d 90, 93 (D.D.C. 2004). In considering whether transfer would be proper, the court considers the following factors:

> [T]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory processes to compel the attendance of unwilling witnesses; the amount of expense for the willing witnesses; the relative congestion of the calendars of potential transferor and transferee courts; and other practical aspects of expeditiously and conveniently conducting a trial.

*SEC v. Page Airways*, 464 F.Supp. 461, 463 (D.D.C. 1978).

As noted above, all the events described in the complaint occurred in the Northern District of Florida. The cause of action arose in that jurisdiction. Any relevant witnesses and potential documentary evidence would be located there. Therefore, in the interests of justice, the case should be transferred to that district.

### III. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss will be granted and the case transferred to the Northern District of Florida. An appropriate Order will accompany this

Memorandum Opinion.

        SO ORDERED.

                                                                /s/_____
                                                                PAUL L. FRIEDMAN
                                                                United States District Court

DATE: March 15, 2006